## ASSOCIATED SEEDS, Inc., v. SCHOLTZ.
### No. 3788.

Court of Civil Appeals of Texas. El Paso.
Jan. 5, 1939.

R. D. Cox, Jr., and Strickland, Ewers & Wilkins, all of Mission, for appellant.

Lewis & Russell, of San Antonio, for appellee.

HIGGINS, Justice.

The appellee Scholtz brought this suit against the Texas Associated Seed Company, Inc., and the Associated Growers, Inc. We will refer to these defendants as the Seeds Company and the Growers Company, respectively. It was alleged that the Seeds Company was incorporated, but the State of its incorporation was unknown; that the Growers Company is a corporation with its principal office in New Haven, Connecticut, but was doing business in the State of Texas. Other allegations of the petition may be summarized as follows:

The Growers Company employed plaintiff to thresh grain at a certain and specific sum, which services the plaintiff performed, and there is a balance due him of $279.41; the bills for the threshing were delivered to the defendants; the prayer was that "upon final hearing herein that he be given judgment against both of the defendants herein for the labor performed; that the labor was actually performed for the Associated Seed Growers, Inc., but said bill was guaranteed by the Texas Associated Seeds, Inc., and was for their benefit jointly with the Associated Seed Growers, Inc. Plaintiff prays for $299.41 and for costs of suit."

When the case was called for trial the plaintiff dismissed as to the Growers Company. Recitals in the judgment show the Texas Associated Seed Company, Inc., by amendment to its charter, had changed its name to Associated Seeds, Inc. The case was tried without a jury and judgment rendered in favor of Scholtz against the Seeds Company for the balance sued for.

There is no merit in the proposition which asserts the petition is subject to general demurrer. It is sufficient to show liability on the part of the appellant Associated Seeds, Inc., as a guarantor of payment of the plaintiff's bill for the services rendered as stated in the petition.

Other propositions of the appellant raise the point there is a fatal variance between the pleadings and the evidence. There is no evidence whatever that the Growers Company employed plaintiff or had any business dealing with him whatever. The evidence wholly fails to show a collateral contract of guaranty as alleged. It is shown that a representative of the Seeds Company named J. F. Pangman, who is no longer connected with the appellant, in behalf of appellant employed the plaintiff to do certain threshing for the Seeds Company at an agreed price, that such service was rendered, and there is a balance due and unpaid for the service rendered. It is obvious the evidence establishes a contract altogether different from that alleged by the plaintiff in his petition. The variance is substantial, misleading, and fatal, for which reason the propositions last mentioned are sustained and the judgment reversed and the cause remanded.